**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 20, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30320
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONNIE MERRILL, also known as Manny, also
known as Mannie,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CR-277-5-L
--------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ronnie Merrill challenges the sentence he received following his guilty-plea conviction for distributing less than 100 grams of heroin and less than 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). He first argues that the waiver-of-appeal provision in his plea agreement is unenforceable. Because the record reveals that the district court did not specifically advise Merrill that he had waived the right to appeal his sentence as part of his plea, Merrill is correct that the waiver-

--------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of-appeal provision in his plea agreement does not bar the instant appeal. See FED. R. CRIM. P. 11(b)(1)(N); <u>United States v. Robinson</u>, 187 F.3d 516, 518 (5th Cir. 1999).

Merrill next argues, for the first time on appeal, that the adjustments he received for being a career offender and for possessing a firearm under the Sentencing Guidelines violated his constitutional rights following <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004). The argument is reviewed for plain error. <u>United States v. Mares</u>, ___ F.3d ___, 2005 WL 503715 at *7 (5th Cir. Mar. 4, 2005), <u>petition for cert. filed</u>, No. 04-9517 (U.S. Mar. 31, 2005).

In light of <u>Booker</u>, the district court erred in computing Merrill's sentence based on judicially determined facts under a mandatory guidelines system, and that error was both plain and obvious. <u>Mares</u>, 2005 WL 503715 at *7-*8. Nevertheless, because Merrill has not demonstrated that the district court would have reached a different conclusion had it known that the Guidelines were advisory only, he has failed to demonstrate that the error affected his substantial rights.** <u>Id.</u> at **8-9. Accordingly, Merrill has failed to carry his burden of demonstrating plain error, and the district court's judgment is AFFIRMED.

---

** Merrill's argument that <u>Mares</u> was wrongly decided is unavailing. Absent <u>en</u> <u>banc</u> reconsideration or a superseding contrary decision of the Supreme Court, one panel may not overrule the decision of a prior panel. <u>United States v. Ruff</u>, 984 F.2d 635, 640 (5th Cir. 1993).